TRIAL & APPELLATE PRACTICE

KEITH D. JONES
ATTORNEY AT LAW
4870 BLUEBONNET BOULEVARD
SUITE B
BATON ROUGE, LOUISIANA 70809

TELEPHONE (225) 763-6900
TELECOPIER (225) 763-6001
E-MAIL: Keith@KJones-law.com

January 15, 2013

**Honorable Sarah S. Vance**
**Chief Judge, U.S. District Court-Eastern District of Louisiana**
Hale Boggs Federal Building
500 Poydras Street, Room C255
New Orleans, Louisiana 70130

RE: United States v. BP Exploration and Production, Inc.
Case No. 2012R00459, Court Docket No. 12-CR-00292

## VICTIM IMPACT STATEMENT

**Dear Judge Vance:**

Although I am an attorney and serve on the Shared Benefit Committee of MDL-2179, *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010,* I am writing to you today in neither capacity. Instead, I am writing because Gordon Jones was my son and he was one of the eleven men killed aboard the Deepwater Horizon.

For the reasons set forth below, I respectfully object to the proposed plea agreement entered into between the United States Department of Justice and BP.

Other members of our family will be writing to you about how we miss Gordon, so I'm going to concentrate on why I object to this proposed sentence.

My objection is <u>not</u> that the crimes to which BP has agreed to plead guilty are not serious enough. Although the "Seaman's Manslaughter Act", 18 U.S.C. § 1115 requires only a showing of negligence on BP's part, and therefore BP is not pleading guilty to have committed acts of gross negligence, I am very confident that BP's gross negligence will be well demonstrated in the trial of MDL-2179 that begins on February 25, 2013.

Rather, my objection is to the proposed sentence negotiated by BP and to what I fear will be a negligible impact on the behavior of employees of that company including those most responsible for the deaths.

I understand that a condition of BP's probation will be that it conducts itself according to certain standards and that it be subject to examination from time to time to make certain it is doing so. But the things BP is being forced to do are the things that other companies routinely do on their production platforms. A condition of probation that BP must try a little harder to operate safely and therefore not kill any more workers will achieve, I fear, very little. Besides, when some BP engineer in Houston makes a decision based not on what is the safest course of action, but instead what will bring his company the most profit and a potential bonus for himself, I am afraid that the corporate culture so pervasive at the time of the Deepwater Horizon explosion will prevail, and it

will be back to "business as usual." So while I don't object to those conditions of probation, I also don't think they will have much impact.

I well understand that a corporation cannot go to prison. BP's Board of Directors can't be thrown in jail because the corporation it oversees committed so many flagrant lapses in judgment. But under the "Seaman's Manslaughter Act", a person "for the time being actually charged with the control and management of the operation, equipment, or navigation of . . . (the) vessel, who has knowingly and willfully caused or allowed such fraud, neglect, connivance, misconduct or violation of law by which the life of any person is destroyed, shall be fined under this title *or imprisoned* not more than 10 years, or both." The two "company men" who were BP's highest ranking officers on board the rig have been charged. But I know that their alleged misconduct centers largely on the failed "negative pressure test" that was the final, but hardly the only, act of gross mismanagement of the well that caused the explosion. My understanding is that all of the earlier decisions that led to this disaster (and there were many) were made not by the company men, but by the engineers and other employees of BP who were "charged with the control and management of the operation" in their offices in Houston, Texas. Their negligence will be shown at the civil trial beginning February 25, and perhaps then others besides Mssrs. Vidrine and Kaluza will be charged with manslaughter, as well. But for the time being, justice is not served by allowing a corporation that cannot go to prison to "take the fall" for employees who should.

At the very heart of my objection, though, is the relative pittance BP is being allowed to pay in order to do away with the criminal charges against it. I know this is the largest criminal fine in U.S. history. (Everyone who reads newspapers or watches television knows that.) But my reaction to that statement is, "So what?" *Of course* this is the biggest fine in the history of the United States. BP's criminally negligent acts were the most blatant in the history of this country. BP's acts affected more people than any wrong committed by any company. In my opinion, BP's conduct was far worse than that of a drug company that suggests its drug should be prescribed for conditions other than those for which it has been thoroughly tested. Besides, BP's assets dwarf those of other defendants who have paid fines of almost as much. I am confident that once BP offered to pay the largest fine ever, the Department of Justice felt that its job had been done, regardless of the scope of the damage BP caused.

While I recognize that BP will eventually pay a few billion dollars pursuant to this plea agreement, and that sums such as that are incomprehensible to people like me, I believe that it is all a matter of scale. Four billion dollars is truly a nominal sum by BP's standards. BP is valued at hundreds of billions of dollars. And that evaluation refers only to the assets BP must report on its annual statement. It doesn't include the vast holdings of already discovered oil in the Gulf of Mexico, North Sea, and other places around the world that BP holds the rights to, but won't extract for years to come.

One of the most insulting provisions of this plea agreement is that BP is given five years within which to pay all it owes. Why is BP being given five years to pay this money? There can be only one answer: ***So it won't hurt so much.*** Your Honor, I think a criminal fine is <u>supposed</u> to hurt. And a criminal fine being paid because the wrongdoer killed people ought to hurt more than any other. Nevertheless, BP was able to negotiate a timetable for paying its fine and reimbursement over a span of time that will have minimal, if any, effect on the company. That comfortable schedule will avoid any interruption in the compensation of the BP employees directly responsible for Gordon's death.

Anyone who wants to evaluate the severity of this sentence need only look at the stock market to see its effect. On November 13, 2012, BP traded at $40.54. On November 14, 2012, in anticipation of the criminal plea, it traded at $40.16. It rose on the date of the plea agreement to $40.30 and dropped, for one day only, to $40.03 after the plea agreement was announced. But after the analysts had been given a chance to analyze BP's guilty plea and the relatively small price it must pay for its crimes, the stock shot up on Monday, November 19, 2012 to $41.23. At the time this letter is being dictated, it is trading at a healthy $45.00, and would return a significant 10% profit had it been bought the day this plea was announced and sold today. It would appear that the analysts know how minimal an impact this plea deal would have on BP.

And what does the United States gain by allowing BP to get off so lightly? Is it that the Justice Department now won't have to run the risk of trying the case against BP? Having had access to discovery materials accumulated in the MDL, I would respectfully suggest that BP's negligence and the cause of the death of these eleven men could be easily proved beyond a reasonable doubt by any lawyer on the government's payroll.

Once again, I think that anyone who for a moment doubts BP's negligence need only pay attention for a few days after the civil trial begins on February 25 to put those doubts to rest.

Finally, I noted with a good deal of sadness the statement in the Guilty Plea Agreement that as regards the manslaughter charges, "restitution is not otherwise authorized for certain offenses in the plea agreement and, pursuant to 18 USC § 3663(a)(1)(B)(2i), is not otherwise appropriate because (i) restitution need not be addressed in this matter given that compensation for victims has been or is being addressed in other proceedings, including in MDL-2179 and (ii) fashioning of any restitution order would unduly complicate and prolong a sentencing process." The drafting of that particular language by BP was very deft. It became common knowledge shortly after the explosion that because of subrogation agreements entered into between BP, Transocean and M-I Swaco, BP was not liable for a single penny to the families of the men it killed. To my knowledge, BP has never offered anything to compensate for the loss of any of the eleven men, let alone paid anything. Whether it "has been or is being addressed in other proceedings" or not, BP will pay nothing in restitution to our families. And, of course, the last thing anyone would want for poor BP is to "complicate and prolong the sentencing process."

Criminal sentences are supposed to <u>punish</u>. Considering BP's assets, this plea deal represents not a sentence that must be served, but rather a nuisance that must be endured. To make matters worse, it's designed to minimize any effect on BP by spreading payments over a five year period. BP should not be allowed to get off so lightly.

Thank you very much, Your Honor, for allowing me to express my views.

Very truly yours,

KEITH D. JONES

KDJ/db